**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,      )
                             )
      v.                      )      I.D. No. 1304013732
                             )
JESSIE THOMAS,          )
                             )
     Defendant.        )

Date Submitted:     December 8, 2020
Date Decided:       February 1, 2021

**ORDER**

Upon consideration of Defendant's Motion for Modification of Sentence (the "Motion"),[1] Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1. On February 27, 2014, a jury convicted Defendant of Possession of a Firearm by a Person Prohibited ("PFBPP"), Carrying a Concealed Deadly Weapon ("CCDW"), and Possession of Ammunition by a Person Prohibited ("PABPP").[2]

2. On August 28, 2014, the Court sentenced Defendant as follows: for PFBPP, 5 years at Level V; for CCDW, 8 years at Level V, suspended after 1 year at Level V, for 6 months at Level IV (DOC Discretion), followed by 18 months at Level III, hold at Level V until space is available at Level IV (DOC Discretion); and

---

[1] D.I. 61.
[2] D.I. 32.

for PABPP, 8 years at Level V, suspended for 1 year at Level III.[3]  The Supreme Court affirmed Defendant's conviction on May 8, 2015.[4]

3.  On May 29, 2015, Defendant filed a Motion for Postconviction Relief, which the Court denied on September 8, 2015.[5]  On February 22, 2016, Defendant filed a second Motion for Postconviction Relief, which the Court summarily dismissed on May 3, 2016.[6]  The Supreme Court affirmed this decision on November 7, 2016.[7]

4.  On December 8, 2020, Defendant filed the instant Motion for Modification of Sentence.[8]  In his Motion, Defendant claims that the prison officials and medical staff at Howard R. Young Correctional Institute are mismanaging the spread of COVID-19 in the prison.[9]  Defendant also writes that he himself has tested positive for COVID-19 and is not receiving adequate medical attention.[10]  Defendant understands that he will begin serving the one-year Level V portion of his CCDW sentence in April 2021.[11]  He asks the Court to modify that portion of his sentence to Level IV (Home Confinement).[12]

---

[3] D.I. 35.
[4] *See generally Thomas v. State*, 2015 WL 2169288 (Del. May 8, 2015).
[5] D.I. 45, 48.
[6] D.I. 49, 52.
[7] *See generally Thomas v. State*, 2016 WL 6609166 (Del. Nov. 7, 2016).
[8] D.I. 61.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*

5. Superior Court Criminal Rule 35(b) governs the modification and reduction of sentences.[13] Pursuant to Rule 35(b), a motion to modify a sentence of imprisonment must be filed no later than 90 days after the sentence is imposed.[14] The Court may consider an untimely motion only if the defendant shows "extraordinary circumstances" or the Department of Correction ("DOC") files an application for good cause shown pursuant to 11 *Del. C.* § 4217.[15]

6. Here, Defendant's Motion is time barred. Defendant was sentenced on August 28, 2014, and Defendant filed the instant Motion on December 8, 2020. The DOC has not filed an application for good cause shown, so Defendant cannot avail himself of that exception. In addition, Defendant has not shown "extraordinary circumstances" that would warrant modifying his sentence. The Delaware Supreme Court has concluded that the argument "that a diagnosis of COVID-19 establishes extraordinary circumstances" is "without merit."[16] If Defendant believes that his "specific individual medical condition warrant[s] sentence modification, an application by DOC under § 4217 is the proper vehicle to deliver such relief."[17]

---

[13] Super. Ct. Crim. R. 35(b).
[14] *Id.*
[15] *Id.*
[16] *Williams v. State*, 2020 WL 7311325, at *1 (Del. Dec. 10, 2020) (citation omitted).
[17] *Id.* (citing *Johnson v. State*, 2020 WL 5626231, at *2 (Del. Sept. 18, 2020)).

7.    The Court finds that Defendant's sentence is appropriate for all of the reasons stated at the time of sentencing.  No additional information has been provided to the Court that would warrant a modification of Defendant's sentence.

**NOW, THEREFORE, IT IS ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED.**

*Jan R. Jurden*

_____

Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Jessie Thomas (SBI# 00476241)
       A.J. Roop (DAG)